FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 29 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**XAVIER ONEIL,**                                            :
                                                             :
                       Plaintiff,   :
                                                             :   **MEMORANDUM**
                                                             :   **DECISION AND ORDER**
          - against –                                     :   18-CV-3287 (AMD) (LB)
                                                             :
**CORRECTIONAL OFFICER S. RODRIGUEZ,**                       :
                                                             :
                       Defendant.    :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On May 30, 2018, the *pro se* plaintiff, Xavier Oneil, currently imprisoned at U.S. Penitentiary Hazelton in West Virginia,[1] filed this action pursuant to 42 U.S.C. § 1983. On June 19, 2018, I granted the plaintiff's motion for leave to proceed *in forma pauperis*, dismissed the City of New York as an improper defendant, and added Correctional Officer S. Rodriguez as the defendant. On September 26, 2018, the defendant moved to dismiss the action (ECF No. 12); to date, the plaintiff has not filed an opposition.[2]

## BACKGROUND

According to the complaint, on August 17, 2017 between noon and 1:00 p.m. in the special housing unit on Range 4, Cell 17 at the Metropolitan Detention Center in Brooklyn, New York, the plaintiff got into an argument with the defendant while she was escorting him to the

---

[1] On May 31, 2018, the Honorable LaShann DeArcy Hall sentenced the plaintiff to 84 months' imprisonment and 3 years' supervised release after the plaintiff pled guilty to one count of conspiracy to commit robbery under the Hobbs Act. *See* May 31, 2018 Minute Entry, *United States v. Oneal, et al.*, 16-CR-21 (E.D.N.Y. May 31, 2018).

[2] The plaintiff's opposition was originally due on October 31, 2018. I granted the plaintiff an extension of time to May 23, 2019 to file his opposition, because he was transferred to another facility and did not receive the motion to dismiss until March 2019.

visitors' room. (ECF No. 1 at 4.) The plaintiff alleges that he called the defendant a "bitch," and that she punched him in the face. (*Id.*) Another officer pulled the plaintiff away from Officer Rodriguez, asked him if he "was okay," and escorted him to the visitors' room. (*Id.*) The plaintiff claims that Officer Rodriguez has ordered him to keep his "mouth shut," "taunted" him, and called him a "snitch." (*Id.*) The plaintiff did not seek medical attention for the punch but says that he has experienced paranoia, "mental depression and nervousness around other officers," and that he is "scared" that the officers will assault him. (*Id.*) The plaintiff seeks monetary damages for "assault" and for being "treat[ed] . . . in a[n] unfair and impartial manner." (*Id.* at 5.) The defendant moves to dismiss the complaint. (ECF No. 13.)

## DISCUSSION

A court evaluating a motion to dismiss must accept as true the factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). However, an action will survive only if the law recognizes the claims, and if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). This standard requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The allegations of a *pro se* complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* complaint must be read liberally and taken to raise the strongest arguments it suggests. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). "This is especially true when dealing with *pro se* complaints alleging civil rights violations." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)).

Although the plaintiff does not specify the authority under which he brings his claim, interpreting his complaint to raise the strongest claim it suggests, I interpret the plaintiff to allege an excessive force claim under the Fourteenth Amendment[3] and a retaliation claim under the First Amendment.

The defendant moves to dismiss the plaintiff's excessive force claim because he has not made the "showing of physical injury" required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). Section 1997e(e) states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury," and "applies to claims in which a plaintiff alleges constitutional violations." *Thompson v. Carter*, 284 F.3d 411, 417 (2d Cir. 2002). While "there is no statutory definition of 'physical injury' as used in section 1997e(e)," the Second Circuit has held that a plaintiff's physical injury must be "more than *de minimis*." *Abreu v. Nicholls*, No. 04–CV–7778, 2011 WL 1044373, at *3 (S.D.N.Y. Mar. 22, 2011), *report and recommendation adopted*, No. 04–CV–7778, 2012 WL 1079985 (S.D.N.Y. Mar. 30, 2012) (quoting *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999)).

---

[3] The alleged wrongdoing occurred in August 2017, after the plaintiff's arraignment but before his sentencing; therefore, the plaintiff "was neither an arrestee nor an inmate" at the time, and his allegations fall within the ambit of the Fourteenth Amendment. *Rodriguez v. Phillips*, 66 F.3d 470, 476–77 (2d Cir. 1995) (Excessive force allegations by pre-trial detainees "implicate the right to substantive due process under the Fourteenth Amendment."); *see Ali v. Szabo*, 81 F. Supp. 2d 447, 454 (S.D.N.Y. 2000) (Claims by "post-arraignment, pre-conviction pretrial detainee[s]," are not covered by "the Eighth nor the Fourth Amendment" but are "properly analyzed under the Fourteenth Amendment substantive due process standard." (citing *County of Sacramento v. Lewis*, 118 S.Ct. 1708, 1715 (1998)).

The plaintiff states that he "did not receive medical treatment," but claims that the incident has caused him paranoia, "mental depression," and "nervousness." (ECF No. 1 at 4.) Without more, this is insufficient to meet the "physical injury" requirement of Section 1997e(e). *See Roldan v. Kang*, No. 13–CV–6889, 2016 WL 4625688, at *5 (S.D.N.Y. Sept. 6, 2016) ) ("Depression and dizziness do not qualify as 'actual physical injury' under § 1997e(e)"); *Antrobus v. City of New York*, No. 11–CV–2524, 2014 WL 1285648, at *6 (S.D.N.Y. Mar. 27, 2014) ("Emotional distress, emotional d[e]spair, mental anguish, post traumatic stress disorder, . . . [and] paranoia disorder" do not meet the "physical injury" requirement under Section 1997e(e)); *Abreu*, 2011 WL 1044373, at *3 (Allegations of "chronic headaches," "constant dizziness," "black[ing] out," and the inability to sleep did not constitute "physical injury."); *Santiago v. C.O. Campisi Shield No. 4592*, 91 F. Supp. 2d 665, 676 (S.D.N.Y. 2000) (dismissing excessive force claim where the "plaintiff . . . failed to offer any evidence to suggest that he sustained a physical injury as a result of the alleged assaults."). Thus, the plaintiff's excessive force claim is dismissed.

I also consider whether the plaintiff's allegations that the defendant's taunts and threats to the plaintiff to "keep [his] mouth shut" amount to a First Amendment retaliation claim. I find that they do not. "[T]o survive a motion to dismiss a complaint, a plaintiff asserting an First Amendment retaliation claim must allege (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (internal quotation marks and citation omitted). According to the complaint, Officer Rodriguez called the plaintiff a "snitch" after he exhausted his administrative remedies and reported their altercation to the Warden. (ECF No. 1 at 4.) It is well established that the

filing of a prison grievance is a constitutionally protected activity; the plaintiff, therefore, meets the first prong of the test. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996).

The plaintiff, however, has not adequately alleged that the defendant took "adverse action" against him. "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis*, 320 F.3d at 353 (quoting *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001)). "Insulting or disrespectful comments directed at an inmate generally do not rise to this level." *Id.* In this case, Officer Rodriguez's taunt that the plaintiff was a snitch and "to keep [his] mouth shut" would not have deterred similarly situated individuals from filing a grievance. *See id.* (Allegations that prison personnel spoke to the plaintiff "in a 'hostile' manner," "bur[ied] his grievances," and ordered a "retaliatory cell search" did not sufficiently establish an adverse action.); *Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002) (Allegation that the defendant "called him a stoolie in front of other inmates" did not constitute an adverse action.); *Toliver v. City of New York*, 530 F. App'x 90, 92 (2d Cir. 2013) (summary order) ("[I]nsulting or disrespectful comments . . . without more are simply *de minimis* acts that fall outside the ambit of constitutional protection." (internal quotation marks and citation omitted)). The plaintiff's retaliation claim is, therefore, dismissed as well.

## CONCLUSION

Accordingly, the plaintiff's complaint is dismissed in its entirety. A court dismissing a *pro se* complaint should grant leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations and quotation marks omitted). Therefore, I grant the plaintiff leave to amend the complaint within 30 days of this Order being entered.

If the plaintiff chooses to file an amended complaint, the amended complaint must cure the deficiencies discussed above—specifically, the plaintiff must sufficiently allege physical injury as to his excessive force claim and adverse action as to his retaliation claim. If the plaintiff files an amended complaint it will replace the original complaint. It must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order.

If the plaintiff does not file an amended complaint within the time allowed or cure the deficiencies discussed in this Order, the Clerk of the Court is to enter judgment dismissing this action for the reasons set forth above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                            s/Ann M. Donnelly
                                        **ANN M. DONNELLY**
                                        United States District Judge

Dated: Brooklyn, New York
        May 29, 2019